27726. ÆTNA CASUALTY & SURETY CO. *et al. v.* HUGHES.

Decided November 29, 1939.

*Haas, Gambrell & Gardner,* for plaintiffs in error.
*C. D. Stewart, J. V. Poole,* contra.

Broyles, C. J. Lee H. Hughes obtained a judgment from the Industrial Board of Georgia awarding him, as claimant, compensation, which judgment and award sustained the findings of fact and conclusions of law of the trial director. The judge of the superior court affirmed the judgment and award of the Industrial Board; and to that judgment the employer and its insurance carrier (the defendants) excepted.

The undisputed evidence showed that Hughes, while in the employ of Timken Roller Bearing Company, was sent by the company on its business from Atlanta to Valdosta. On his return trip to Atlanta, he was alone and driving an automobile, and for some unexplained cause his car ran off of the highway and he suffered certain injuries. No one except himself saw the accident. When found sometime later at the scene of the accident he had a cut on his head and appeared to be suffering from some mental trouble. All of the doctors who testified in the case agreed that after the accident Hughes was suffering from some mental derangement or psychosis. And, as stated in the brief of counsel for the plaintiff in error, "the sole issue in the case was whether this mental condition was due to and precipitated by the accident, as contended by the defendant in error, or whether the accident was preceded and

caused by a mental blow-up on the part of Hughes, and that the accident followed the blow-up." On this issue the evidence was voluminous and conflicting, and would have authorized a finding for either party. This being true it follows that the award and judgment of the Industrial Board was not contrary to law or the evidence, and that the sustaining of said award and judgment by the judge of the superior court was not error. Under the facts of the case this holding is not in conflict with any of the authorities cited in behalf of the plaintiff in error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*